# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE LIZALDE,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>U.S. ATTORNEY GENERAL<br>WILLIAM BARR,<br><br>　　　　　　Respondent. | Case No. EDCV 19-2480-MCS (JPR)<br><br>ORDER ACCEPTING FINDINGS AND<br>RECOMMENDATIONS OF U.S.<br>MAGISTRATE JUDGE |

　　The Court has reviewed the Petition and Supplemental Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that Respondent's motion to dismiss be granted and judgment be entered dismissing this action. On September 9, 2020, Petitioner filed Objections to the R. & R., in which he mostly simply repeats arguments from his opposition to Respondent's motion and his other filings. On September 23, Respondent filed a reply.[1]

---

[1] That same day, Respondent filed notice that Petitioner was removed from the United States on August 27, 2020, arguing that the Petition and Supplemental Petition are therefore moot. But Petitioner doesn't just "request release[] from immigration custody based on the length of his detention" (Notice at 2); as the Magistrate Judge noted, he also challenges the aggravated-felony convictions underlying his removal order (see R. & R. at 4-5). Moreover, the Court is unclear how Petitioner could have mailed his objections from a business center in San Diego on September 8 given his August 27 removal. (See Objs. at 88.) In

(continued...)

Petitioner claims that the Magistrate Judge didn't have jurisdiction to issue the R. & R. because pending in the Ninth Circuit is his appeal of her characterization of his March 24, 2020 habeas petition as a supplement to his initial December 26, 2019 Petition. (See Objs. 2-7.) That argument is unavailing.

After Petitioner filed the Petition, he purported to file a second habeas petition, claiming that his original Petition concerned only his "actual innocence" and alleging that his new petition related to his "immigration case." Because he acknowledged that the new filing relied on essentially the same factual allegations as the initial Petition and both petitions attacked the validity of the convictions underlying his removal order, the Magistrate Judge properly exercised her discretion to construe the second filing as a Supplemental Petition. (See R. & R. at 1-2.)

On April 14, 2020, Petitioner moved for a temporary restraining order, seeking release from detention based on the COVID-19 pandemic. In that motion, he also objected to the Magistrate Judge's characterization of his March 24, 2020 habeas petition as a Supplemental Petition. (See Emergency Inj. for TRO at 2-6.) On April 17, 2020, the Court referred that motion to the Honorable Terry J. Hatter Jr., to whom Petitioner's separate habeas petition challenging his continued detention during the pandemic was assigned. Judge Hatter denied the TRO request that same day without expressly considering Petitioner's objections to the Magistrate Judge's characterization of the Supplemental

---

[1](...continued)
any event, the petitions are not moot.

Petition.  (See Order Denying TRO, ECF No. 34.)  On May 8, 2020, Petitioner appealed Judge Hatter's April 17 denial of his TRO as well as his denial of another TRO earlier that month.  (See Notice of Appeal, ECF No. 38.)  But the appeal necessarily pertains only to Judge Hatter's denials of the TROs.  The Ninth Circuit lacks jurisdiction to consider an interlocutory appeal from a simple case-management decision, which is what the Magistrate Judge's characterization of Petitioner's second petition as "supplemental" was.  See Van Dusen v. Swift Transp. Co., 830 F.3d 893, 896–97 (9th Cir. 2016) (holding that it did not have jurisdiction over interlocutory appeal from scheduling and case-management order because it wasn't "a full adjudication of the issues" and didn't "resolve important questions separate from the merits" (citations omitted)).

    Thus, Petitioner's appeal didn't deprive the Magistrate Judge of jurisdiction to issue the R. & R.  To the extent he contends the Magistrate Judge shouldn't have characterized his second habeas petition as a Supplemental Petition, he doesn't identify how he was prejudiced by her doing so.  The Magistrate Judge correctly recognized that the two petitions were based on similar facts and arguments and prudently considered them together to preserve judicial resources.  Moreover, in doing so, she considered his claim of actual innocence (see R. & R. at 5-7) as well as his immigration-related arguments (see id. at 7-15), covering all the issues raised in both petitions.

    Petitioner also asserts that the Magistrate Judge didn't have jurisdiction to issue the R. & R. because his removal proceedings were based on a "fundamentally defective verdict."

(Objs. at 7; see id. at 7-9.)  But as the Magistrate Judge correctly found, Petitioner's challenges to his underlying convictions are impermissibly second or successive and can't be considered here.  (See R. & R. at 5-7.)

    IT THEREFORE IS ORDERED that Respondent's motion to dismiss is GRANTED and judgment be entered dismissing this action.

DATED: October 6, 2020

MARK C. SCARSI
U.S. DISTRICT JUDGE